1
2
3
4
5
6
7       **UNITED STATES DISTRICT COURT**
8          **DISTRICT OF NEVADA**
9
10   TROY ANTHONY MORROW,                    )
11                          Plaintiff,        )      Case No. 2:11-cv-00785-JCM-CWH
                                              )
12   vs.                                      )      **ORDER**
                                              )
13   TARGET DEPARTMENT STORES, *et al.*,      )      Application to Proceed *In Forma*
                                              )      *Pauperis* (#1) and Screening of
14                          Defendants.       )      Complaint
                                              )
15   _____

16          This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis*

17   (#1), filed on May 16, 2011.

18                          **BACKGROUND**

19          Plaintiff's complaint states that on January 22, 2010 he tried to exchange two packages of

20   diabetic test strips on behalf of his stepfather at Target Department Store #1207.[1]  Plaintiff

21   brought two packages of Freestyle test strips that were previously purchased in order to exchange

22   them for two packages of AccuCheck test strips.  This store did not have the particular strips that

23   Plaintiff needed in stock, so he purchased a pack of gum.  On his way out of the store, Plaintiff

24   states that he stopped to talk with a security guard about an employment opportunity.  Plaintiff

25   reached into his pocket and provided the guard a piece of paper containing his contact

26   information.  Four hours later Plaintiff visited Target Department Store #0263 in search of the

27   _____

28          [1] Plaintiff states elsewhere in his complaint that he attempted to exchange the strips on October
     22, 2010.  The chronological time line used in the background section is more probable given that his
     arrests occurred on March 3, 2010 and April 15, 2010.

test strips.  Plaintiff showed the pharmacist on duty the strips he wished to exchange, and the pharmacist directed him to Customer Service.  At this department, Plaintiff was told that the strips could not be exchanged due to value.  Plaintiff states that he left the two packages that he was not allowed to exchange at Customer Service and took the two packages he had previously purchased with him when he left the store.  Plaintiff states that he was arrested on March 3, 2010 for burglary and grand larceny of store #1207.  Plaintiff alleges that on April 15, 2010 he was arrested for burglary and grand larceny of store #0263.[2]

Plaintiff alleges violations of his Fifth Amendment rights by Target Department Stores, Anthony Archer, a detective with the Las Vegas Metropolitan Police Department, and the following Target employees: Ryan Glassford, Greg Pachowski, Carlos Hernandez, and Anthony Colaluca.[3]

## DISCUSSION

### I.    Application to Proceed *In Forma Pauperis*

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Morrow's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II.    Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a

---

[2]  Plaintiff does not provide the details of the disposition of either arrest.

[3]  Plaintiff also references a district attorney in his allegations, but does not specifically name this person as a defendant.

1    doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to

2    relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be

3    dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual

4    scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual

5    frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

6    incredible, whether or not there are judicially noticeable facts available to contradict them."

7    *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under §

8    1915(e), the plaintiff should be given leave to amend the complaint with directions as to how to

9    cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

10   not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

11          **A.      Federal Question Jurisdiction**

12          Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all

13   civil actions arising under the Constitution, laws, or treaties of the United States."  "A case

14   'arises under' federal law either where federal law creates the cause of action or 'where the

15   vindication of a right under state law necessarily turn[s] on some construction of federal law.'"

16   *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting

17   *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The

18   presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint

19   rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded

20   complaint rule, "federal jurisdiction exists only when a federal question is presented on the face

21   of the plaintiff's properly pleaded complaint." *Id.*  Plaintiff alleges a violation under the Fifth

22   Amendment.  This type of constitutional claim invokes the Court's federal jurisdiction.

23   However, because the Court finds Plaintiff failed to properly bring a claim pursuant to the Fifth

24   Amendment (see discussion below), federal question jurisdiction does not exist at this time.

25          **B.      Diversity Jurisdiction**

26          Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil

27   actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000"

28   and where the matter is between "citizens of different states."  Plaintiff asserts damages between

3

1   $100,000 to $250,000 for each charge in his complaint.  However, Plaintiff states that he is a

2   citizen of Nevada, but does not provide the citizenship of Defendants.  The diversity jurisdiction

3   statute requires that to bring a diversity case in federal court against multiple defendants, each

4   plaintiff must be diverse from each defendant.  *Wisconsin Dep't of Corrections v. Schacht*, 524

5   U.S. 381, 388 (1998).  Because it is unclear if Plaintiff and Defendants are citizens of different

6   states, Plaintiff cannot establish diversity jurisdiction.

7             **C.       Fifth Amendment violations**

8             Plaintiff claims that Defendants violated his Fifth Amendment rights by falsely accusing

9   him of committing burglary and grand larceny that resulted in deprivation of his life and liberty.

10            "The Fifth Amendment to the United States Constitution guarantees that no one will be

11  deprived of liberty without 'due process of law.'" *United States v. Gaudin*, 515 U.S. 506, 509-10

12  (1995).  However, this clause applies only to actors in the federal government.  *See Bingue v.

13  Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008); *see also Mihalovic v. Weiss*, No. 1:10-cv-1061

14  AWI GSA, 2011 WL 2414426, at *3 (E.D. Cal. June 10, 2011)).  Since Plaintiff alleges that a

15  private company and its employees as well as a state employee violated his Fifth Amendment

16  rights, he has not plead a claim upon which relief can be granted.

17            Plaintiff's allegations against the Las Vegas Metropolitan Police Department detective, a

18  state actor, would properly be styled as a § 1983 claim in violation of his Fourteenth Amendment

19  right to due process.  Plaintiff alleges that Defendant Archer's actions led to his false arrest. "A

20  claim for unlawful arrest is cognizable under [section] 1983 is a violation of the Fourth

21  Amendment, provided the arrest was without probable cause or other justification." *Mihalovic*,

22  2011 WL 2414426, at *3 (quoting *Dubner v. City and County of San Francisco*, 266 F.3d 959,

23  964-65 (9th Cir. 2001) (citations omitted)).  "Probable cause exists when, under the totality of the

24  circumstances known to the arresting officers (or within the knowledge of the other officers at

25  the scene), a prudent person would believe the suspect had committed a crime. *Id*. (citations

26  omitted).

27            A person arrested pursuant to a valid warrant does not have a claim of deprivation of

28  liberty without due process unless the arrest was made in bad faith. *See Bretz v. Kelman*, 773

4

1   F.2d 1026, 1030-31 (9th Cir. 1985).  "While innocence . . . may be relevant to a tort claim for

2   false imprisonment, it is largely irrelevant to a claim of deprivation of liberty without due process

3   of the law." *Id.* at 1031 (citations omitted).  Here, Plaintiff provides no facts relating to an arrest

4   warrant or the procedures surrounding his actual arrest.  Rather, Plaintiff details the events on

5   which his arrest was based upon and contains a vague allegation that Detective Archer conspired

6   with two Target employees in order to unlawfully arrest Plaintiff.  If Plaintiff intends to bring

7   such a claim against Defendant Archer, he will need to allege specific facts that will warrant such

8   a claim.

9        Plaintiff alleges that Target Department Stores, a non-government, private entity, violated

10  his due process rights through false accusations.  While Section "1983 excludes from its reach

11  merely private conduct, no matter how discriminatory or wrong," a private entity may be liable

12  under Section 1983 if the Court determines that its conduct constitutes a state action.  *See Sutton*

13  *v. Providence St. Joseph Med.* Ctr., 192 F.3d 826, 835 (9th Cir. 1999); *see also Perez-Morciglio*

14  *v. Las Vegas Metropolitan Police Dept.*, 2011 WL 5042029, at *4 (D. Nev. Oct. 25, 2011).

15  There are four ways to find state action by a private entity for purposes of § 1983: (1) the private

16  actor performs a public function, (2) the private actor engages in joint activity with a state actor,

17  (3) a private actor is subject to governmental compulsion or coercion, or (4) there is a

18  governmental nexus with the private actor.  *See Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir.

19  2003).  If Plaintiff intended to bring a § 1983 claim against Target for violating his due process

20  rights, he will need to show state action by Target as well as the specific facts that constitute this

21  claim.

22       Similarly, Plaintiff cannot state a claim against Target's employees unless he can show

23  that the employees committed acts under the color of state law.  *Franklin v. Fox*, 312 F.3d 423,

24  444 (9th Cir. 2002).  "A private individual may be liable under § 1983 if she conspired or entered

25  joint action with a state actor." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010)

26  (quoting *Franklin*, 312 F.3d, at 441).  Plaintiff alleges that Ryan Glassford and Greg Pachowski

27  conspired with the District Attorney's office to violate his due process rights.  He further alleges

28  that Carlos Hernandez and Anthony Colaluca conspired with LVMPD detective Anthony Archer

1    to violate his due process rights.  These allegations show that the Defendant employees may have

2    acted under color of state law.  Plaintiff should include any facts related to the conspiracy and

3    properly style this claim under § 1983.  He will further need to allege specific facts that constitute

4    such a claim.

5        Plaintiff repeatedly asserts that all Defendants caused his false arrest.  "In order to prove

6    false arrest as a state law claim, a plaintiff must show the defendant instigated or effected an

7    unlawful arrest." *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988).  This claim is governed by

8    state law.  At this time, Plaintiff has failed to invoke this Court's jurisdiction and thus, the Court

9    may not hear Plaintiff's supplemental state law claims.  If Plaintiff can allege facts sufficient to

10   establish subject matter jurisdiction, either through complete diversity or federal question

11   jurisdiction, the Court can then hear Plaintiff's false arrest claim through the exercise of

12   supplemental jurisdiction over pendent state law claims. *See* 28 U.S.C. § 1367.

13       The Court assumes that Plaintiff intended to bring claims in order to recover civil

14   damages.  If Plaintiff instead intended to challenge his state court convictions, a complaint filed

15   with this Court is improper.  United States District Courts do not have jurisdiction to hear the

16   appeal of convictions in state trial court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923);

17   *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.2003).  Further, any constitutional

18   relief from Plaintiff's state court convictions should be filed as a petition for writ of habeas

19   corpus. *See* 28 U.S.C. § 2241.

20       Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted at

21   this time.  The Court will grant Plaintiff leave to amend his Complaint in accordance with the

22   above discussion.  Accordingly,

23       **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*

24   (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty

25   dollars ($350.00).

26       **IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this

27   action to conclusion without the necessity of prepayment of any additional fees or costs or the

28   giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not

extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30)** days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies.  Failure to comply with this Order will result in the Court recommending dismissal of this action.

DATED this 29th day of May, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge